GARY L. JOHNSON [4353]
ZACHARY E. PETERSON [8502]
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street, #700
P.O. Box 2465
Salt Lake City, Utah 84110-2465
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

JOHN B. DAUKAS [admitted pro hac vice]
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Telephone: (617) 570-1000
Fax No.: (617) 523-1231
  Attorneys for Defendant Cooley, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COVERSTAR, INC., a Utah corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>COOLEY, INC., a Rhode Island corporation; and COOLEY ENGINEERED MEMBRANES, INC., a Rhode Island corporation,<br><br>     Defendants. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS AMENDED MOTION TO STRIKE**<br><br>Civil No. 2: 01 CV-0663 S |

Defendants Cooley, Inc., a Rhode Island corporation, and Cooley Engineered

Membranes, Inc., a Rhode Island corporation (hereinafter "Cooley"), by and through its counsel,

Gary L. Johnson  and Zachary E. Peterson of the law firm RICHARDS, BRANDT, MILLER &

NELSON and John B. Daukas of the law firm GOODWIN PROCTER, submits this Memorandum in Support of its Amended Motion to Strike Plaintiff's Improper Evidence in its Rule 59(e) Reply Memorandum.

## INTRODUCTION

Although Coverstar's recent post-judgment filings suggest the Court committed an error in granting Cooley's motions for summary judgment, Coverstar's recent filings are an attempt to augment the record for its appeal. In other words, Coverstar wants to present arguments and evidence to the Tenth Circuit which it failed to timely assert to the Court. Both the Federal Rules of Civil Procedure and Appellate Procedure prevent a party from presenting matters on appeal which were not properly asserted to the trial court.

This Court properly granted Cooley's motions for summary judgment. On appeal, the record should reflect "what occurred in the district court." Fed. R. App. P. 10(e). The record reflects both parties' theories of the case and the supporting evidence. This Court should reject Coverstar's attempt to add new theories and offer additional evidence. Coverstar had its opportunity and advanced the legal claims and evidence that it thought best supported its claims. The record, without the inclusion of Coverstar's Rule 59 motion and addendum, accurately discloses these arguments and evidence.

Cooley initially moved to Strike Coverstar's Addendum to its Rule 59 Motion. Coverstar filed a Notice that it did not oppose Cooley's Motion to Strike. In its Reply Memorandum, however, Coverstar has attached and reference additional exhibits and testimony.

Like the addendum, this new evidence was not timely asserted and should not be part of the record on appeal.

## ARGUMENT

### I. RULE 59 PRECLUDES CONSIDERATION OF EVIDENCE NOT PRESENTED ON A MOTION FOR SUMMARY JUDGMENT.

Coverstar attempts to improperly supplement the record by introducing new deposition testimony and exhibits which it could have raised at the hearing on Cooley's Motions for Summary Judgment. All of the referenced testimony and exhibits was available when Coverstar opposed Cooley's Motions for Summary Judgment, and Coverstar had an obligation to make its record at that time. Coverstar's post-trial motion is an inappropriate vehicle to assert new evidence to this Court "when the motion merely advances . . . supporting facts which were available at the time of the original motion." Servants of the Paracletes v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see also Points I & II in Cooley's Memorandum in Opposition to Coverstar's Motion to Alter or Amend Judgment. Accordingly, Rule 59 precludes Coverstar from offering evidence that was available but not presented in a timely manner.

### II. THE FEDERAL RULES OF APPELLATE PROCEDURE PRECLUDE A PARTY FROM BUILDING A RECORD FOR APPEAL.

Coverstar's references to new testimony and exhibits is an end-run around both the Federal Rules of Civil Procedure and Appellate Procedure. As discussed above, the Federal Rules of Civil Procedure preclude a party from offering new evidence in post-judgment motions when that evidence was available in opposition to the motion for summary judgment. The Federal Rules of Appellate Procedure are consistent with the civil rules. "Federal Rule of

Appellate Procedure 10(e) authorizes the modification of the record only to the extent it is necessary to 'truly disclose[ ] what occurred in the district court.'" United States v. Kennedy, 225 F.3d 1187, 1191 (10th Cir. 2000) (denying appellant's request to supplement record on appeal). Interpreting this provision, the Tenth Circuit has stated: "Rule 10(e) 'allows a party to supplement the record on appeal' but 'does not grant a license to build a new record.'" Id.

In a factually similar case, the appellant requested to submit the entire deposition of an expert into the record. See Allen v. Minnstar, Inc., 8 F.3d 1470, 1473-74 (10th Cir. 1993). Excerpts of the expert's deposition were attached to the parties' briefs on summary judgment; however, the entire deposition was not filed with the Court. See id. Although the trial court indicated it would receive the entire deposition, neither party filed the entire deposition with the trial court. See id. After the Court granted summary judgment, the appellant filed a post-judgment motion to supplement record, which the trial court denied. See id. Affirming the trial court's denial of the motion to supplement the record, the Tenth Circuit stated:

> Rule 10(e) is not designed to allow a district court "to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review." [Citations.] In other words, . . . [the district court] is not authorized under Rule 10(e) to "augment the record on appeal with deposition transcripts that were not on the record before it at the time its final decision was rendered." [Citation.] This is so because "the only proper function of a court of appeals is to review the decision below on the basis of the record that was made before the district court."

Id. at 1474.

In other words, Coverstar must lie in the bed it has made. As Cooley has argued and the Court is well aware, a motion for summary judgment forces a party to put its cards on the

table. If Coverstar had legal theories or evidence which it believed were relevant to Cooley's motions for summary judgment, it needed to present those arguments and that evidence in a timely manner. Coverstar cannot avoid the limitations set forth in Fed. R. Civ. P. 59 or Fed. R. App. P. 10(e) by simply referencing deposition testimony and exhibits in its post-trial motion to the Court. Because the exhibits and testimony were not before the district court and should not be part of the record on appeal, Cooley requests the Court strike the deposition testimony and exhibits as set forth in Cooley's Amended Motion to Strike..

### III. COVERSTAR'S UNTIMELY REFERENCES TO NEW EXHIBITS AND TESTIMONY CREATES CONFUSION AND IS NOT REPRESENTATIVE OF THE CASE OR WHAT OCCURRED BEFORE THIS COURT.

By selectively referencing and attaching snippets of testimony without context, Coverstar is attempting to mislead this Court and the 10th Circuit into believing it had timely set forth a design defect claim. Coverstar, however, was aware that Cooley was not requesting partial summary judgment, and in its opposition to those motions, it never argued that even if the motions were granted then it still had a design defect claim. The reason Coverstar did not argue a design defect claim is no claim existed prior to Coverstar's Rule 59 motion.

For example, Coverstar references expert reports and testimony in support of its argument that it had a design defect theory. See Coverstar's Reply Memorandum at pp. 17-19. Coverstar's selective use of these reports and testimony is designed to mislead the Court. In fact, Coverstar's expert testified that the problems with Cooley's material were the result of production issues. In other words, Coverstar's expert testified the problems were the result of material and

5

workmanship on the part of Cooley – the very warranty limitations Coverstar is seeking to avoid its untimely new design theory.

At this stage, Coverstar is trying to selectively supplement the record so it can present a design defect claim to the 10th Circuit. The contrary evidence to rebut Coverstar's claims is not in the record because Coverstar never timely asserted it. No part of Cooley's Motions for Summary Judgment suggested that the relief was for "Partial Summary Judgment." Coverstar seeks to avoid the Court's proper ruling by manufacturing a claim that did not exist, and it hopes that if it can get in enough isolated facts without context then it can trick the 10th Circuit into believing the Court committed an error. In order to prevent Coverstar from manufacturing an appellate issue, Cooley requests the Court strike the evidence not timely asserted by Coverstar in opposition to Cooley's Motions for Summary Judgment.

## **CONCLUSION**

Based on the foregoing facts and authorities, Cooley requests this Court to Strike the deposition testimony and exhibits as set forth in Cooley's Amended Motion to Strike.

DATED this 26th day of July, 2006.

        RICHARDS, BRANDT, MILLER & NELSON

        /s/ Zachary E. Peterson
        GARY L. JOHNSON
        ZACHARY E. PETERSON
        Attorneys for Defendants Cooley

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 26, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

> Evan A. Schmutz, Esq.
> Wm. Kelly Nash, Esq.
> Hill, Johnson & Schmutz
> Jamestown Square
> 3319 North University Ave. Ste. 200
> Provo, UT 84604
>   Attorneys for Plaintiff

/s/ Zachary E. Peterson

G:\EDSI\DOCS\15297\0001\HV7618.WPD